## WESLEY CALLAHAN v. THE STATE.

*No. 3843.　Decided October 17.*

Charge—Murder—Malice.—A charge of the court, in a trial for murder, which omits to define "malice," or malice aforethought," the essential element of murder, is erroneous, and such error is not cured by a definition in said charge of express and implied malice.

APPEAL from the District Court of Limestone. Tried below before Hon. Rufus Hardy.

Appellant was convicted of murder in the first degree. The record contains no statement of facts and no bill of exceptions.

*J. B. Kimbell* and *Kenedy & Bradley*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a conviction of murder in the first degree, with the penalty assessed at a lifetime imprisonment in the penitentiary. The charge of the court to the jury, while it properly defines "express malice," fails and omits to define "malice aforethought." "A charge of the court in a trial for murder which omits to define 'malice' or 'malice aforethought,' the essential elements of murder, is erroneous, and such error is not cured by the definition of 'express' and 'implied' malice." Crook v. The State, 27 Texas Ct. App., 200; Boyd v. The State, 28 Texas Ct. App., 137; Childers v. The State, 13 S. W. Rep. 650; Ainsworth v. The State, 29 Texas Ct. App., 599; Washington v. The State, 16 S. W. Rep., 652. For this error in the charge of the court the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*

Hurt, J., absent.